[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13968
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60110-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMY AHRENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 26, 2019)

Before BRANCH, ANDERSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Amy Ahrens appeals her convictions for one count of conspiracy to commit

wire fraud, in violation of 18 U.S.C. § 1349, and seven counts of wire fraud, in

violation of 18 U.S.C. § 1343.  On appeal, she argues that her convictions are not supported by sufficient evidence that she knowingly participated in a conspiracy or scheme to commit wire fraud.  Additionally, she argues that the district court erred by instructing the jury that it could find her guilty based on a theory of deliberate ignorance, because the facts did not support a deliberate-ignorance instruction and the instruction invited the jury to convict her for mere negligence.

## I.

We review a challenge to the sufficiency of the evidence and the denial of a Rule 29 motion for judgment of acquittal *de novo*.  *United States v. Chafin*, 808 F.3d 1263, 1268 (11th Cir. 2015).  We will uphold the district court's denial of a motion for judgment of acquittal if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt.  *United States v. Holmes*, 814 F.3d 1246, 1250 (11th Cir. 2016).  We view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the government.  *United States v. Clay*, 832 F.3d 1259, 1293 (11th Cir. 2016).  Where the defendant claims that there was insufficient evidence to establish beyond a reasonable doubt that she knew the unlawful object of a conspiracy, the question is whether, when viewing the evidence in that light, a reasonable juror could find the essential element of knowledge beyond a reasonable doubt.  *United States v. Duenas*, 891 F.3d 1330, 1333 (11th Cir. 2018).  We will not overturn a jury's

verdict if there is any reasonable construction of the evidence that would have allowed the jury to find the defendant guilty beyond a reasonable doubt. *Clay*, 832 F.3d at 1294. It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. *United States v. Isnadin*, 742 F.3d 1278, 1303 (11th Cir. 2014). This is so because a jury is free to choose among reasonable constructions of evidence. *United States v. Foster*, 878 F.3d 1297, 1304 (11th Cir. 2018).

A conspiracy is an agreement between the defendant and one or more persons to accomplish an unlawful act. *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005). A defendant may be found guilty of participating in a conspiracy if the evidence demonstrates that she was aware of its essential nature, even if she did not know all its details or played only a minor role in the overall scheme. *United States v. Reeves*, 742 F.3d 487, 497 (11th Cir. 2014). The government need not prove that a defendant participated in every stage of the conspiracy or had direct contact with each of the other alleged co-conspirators. *Id.* at 498. The defendant must have specific knowledge of the conspiracy's unlawful object, but a jury may infer knowledge and criminal intent from circumstantial evidence alone. *Duenas*, 891 F.3d at 1334. A conviction may be supported by

3

reasonable inferences, but not by mere speculation. *Id.* The very nature of conspiracy frequently requires that the existence of an agreement be proved by inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme, and the government can show that a defendant voluntarily joined a conspiracy through proof of surrounding circumstances such as acts committed by the defendant which furthered the purpose of the conspiracy. *United States v. Crabtree*, 878 F.3d 1274, 1285 (11th Cir. 2018). Accordingly, a conviction may be supported by reasonable inferences, but not by mere speculation. *Duenas*, 891 F.3d at 1334.

Wire fraud convictions require proof that the defendant intentionally participated in a scheme or artifice to defraud another of money or property and that the scheme used or caused the use of wires. *United States v. Bradley*, 644 F.3d 1213, 1238 (11th Cir. 2011). Fraud crimes, by their very nature, often yield little in the way of direct proof, and the government typically establishes a defendant's intent through circumstantial evidence. *United States v. Croteau*, 819 F.3d 1293, 1305 (11th Cir. 2016). In a wire fraud case, a jury may infer intent circumstantially from the defendant's conduct, whether the defendant personally profited from a fraud, and from the existence of the scheme itself if it is reasonably calculated to deceive. *Bradley*, 644 F.3d at 1239. To gauge a defendant's intent to

4

commit a fraudulent scheme, we evaluate whether the defendant attempted to obtain, by deceptive means, something to which she was not entitled. *Id.* at 1240.

It is well established that credibility determinations are the exclusive province of the jury. *Croteau*, 819 F.3d at 1304. A jury is free to disbelieve a defendant's testimony and consider it as substantive evidence of her guilt. *United States v. Rivera*, 780 F.3d 1084, 1098 (11th Cir. 2015). This rule applies with special force where the elements to be proved for a conviction include highly subjective elements, such as the defendant's intent or knowledge. *United States v. Brown*, 53 F.3d 312, 315 (11th Cir. 1995). However, a jury's disbelief of a defendant's testimony cannot be the sole basis to support a conviction beyond a reasonable doubt. *United States v. McCarrick*, 294 F.3d 1286, 1293 (11th Cir. 2002).

Here, viewing the evidence in the light most favorable to the government, a reasonable jury could have found beyond a reasonable doubt that Ahrens acted with the requisite knowledge and intent. *See Duenas*, 891 F.3d at 1333. First, Ahrens testified on her own behalf, and the jury was free to disbelieve her testimony and consider it as substantive evidence of her guilt. *See Croteau*, 819 F.3d at 1304; *Rivera*, 780 F.3d at 1098; *Brown*, 53 F.3d at 315. Specifically, Ahrens testified that she did not know that she was obtaining fraud proceeds because Shaffron tricked her into believing that she was working for a legitimate

5

business that helped wealthy individuals conceal assets.  Further, Ahrens testified that the requirements that she quickly withdraw the deposits and lie to the bank employees about the source of the funds did not make her suspicious because Shaffron tricked her into believing that she was following company policies. Moreover, Ahrens testified that the reason that she did not tell Agent Steinberg about Shaffron was because she was freaked out, and not because she knew that she was committing a crime.  The jury was free to disbelieve this testimony and conclude that Ahrens knew that she was receiving fraud proceeds in her bank account.  *See Rivera*, 780 F.3d at 1098.

Moreover, Ahrens's disbelieved testimony was not the sole basis supporting her convictions, as the government offered corroborating evidence of her guilt. *See McCarrick*, 294 F.3d at 1293.  Agent Steinberg testified that Ahrens attempted to conceal her involvement in the conspiracy during her interview by coming up with an elaborate lie to explain her bank activity, whereas she could have explained to him that she had received the deposits legitimately by working for Shaffron.  *See United States v. Hughes*, 840 F.3d 1368, 1385 (11th Cir. 2016) (stating that false exculpatory statements made pre-trial are substantive evidence of guilt); *Reeves*, 742 F.3d at 500 (stating that efforts to conceal a conspiracy prove knowledge and agreement).  Additionally, the suspicious structure of the scheme demonstrated Ahrens's knowledge because she knew that the funds were being

6

deposited by out-of-state individuals, that she needed to withdraw the funds as quickly as possible, that she was asked to, and did, lie to the bank employees about the source of the deposits, that the deposits were structured to avoid IRS-reporting requirements, that Shaffron was concerned that the bank would find out what was really going on, that she was told not to look nervous when withdrawing the funds, that she was told not to linger outside of the bank after the withdrawals to avoid suspicion, that she met Shaffron in a parking lot to transfer the funds, and that she made over $4,000 in 1 week for making simple bank withdrawals. *See United States v. Gomez-Castro*, 605 F.3d 1245, 1249 (11th Cir. 2010) (holding that knowledge can be inferred reasonably based on ordinary human experience for which no special proof is required, and that the trier of fact can rely on common sense). Accordingly, the jury selected a reasonable construction of the evidence.

## II.

We review *de novo* a challenge to a deliberate-ignorance instruction. *United States v. Stone,* 9 F.3d 934, 937 (11th Cir. 1993). The district court has broad discretion to formulate the instructions it gives the jury, as long as the charge as a whole accurately reflects the law and the facts. *United States v. Williams,* 526 F.3d 1312, 1320 (11th Cir. 2008). We will only reverse a conviction based on a jury instruction error if we are left with a substantial and eradicable doubt as to whether

7

the jury was properly guided in its deliberations. *United States v. Puche,* 350 F.3d 1137, 1148 (11th Cir. 2003).

The government can establish knowledge by demonstrating either actual knowledge or deliberate ignorance. *United States v. Hristov*, 466 F.3d 949, 952 (11th Cir. 2006). An instruction on deliberate ignorance is appropriate only if it is shown that the defendant was aware of a high probability of the fact in question and that the defendant purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution. *Puche,* 350 F.3d at 1149.

District courts give a deliberate-ignorance instruction in error when there is relevant evidence only of actual knowledge and not of deliberate ignorance. *United States v. Steed,* 548 F.3d 961, 977 (11th Cir. 2008). Any error is harmless, however, if the jury was properly instructed on the theory of actual knowledge, and there was sufficient evidence to support the actual-knowledge theory. *Id.* at 977-78. We need not determine whether the evidence of deliberate ignorance was nonexistent, insufficient, or sufficient to support the instruction, if evidence of actual knowledge is sufficient, even if not overwhelming, to support a guilty verdict. *Stone*, 9 F.3d at 937, 940. When the deliberate-ignorance instruction used by the trial court clearly states the proper legal standards for the jury to apply, and, by its own terms, the instruction does not apply if there is insufficient evidence to

8

prove deliberate ignorance beyond a reasonable doubt, there is no reason to believe that the jury convicted a defendant on a deliberate-ignorance theory for which there was insufficient evidence. *Id.* at 941. Therefore, where there is sufficient evidence of actual knowledge, the giving of the deliberate-ignorance instruction is harmless error and we need not determine whether the government introduced some or absolutely no evidence of deliberate ignorance. *Id.* at 941-42.

Here, the trial court did not err in giving a deliberate-ignorance instruction. The evidence established that Ahrens was aware of a high probability that she was receiving fraudulently-obtained funds based on the suspicious circumstances surrounding the deposits, because Shaffron insisted that she quickly withdraw the deposits and lie to the bank employees about the source of the funds, the transactions were structured to avoid IRS-reporting requirements, Ahrens received over $4,000 in 1 week for doing minimal work, Shaffron was worried that the bank would find out what they were doing, and Shaffron instructed Ahrens to stay calm and avoid looking nervous when making the withdrawals. Additionally, evidence supported that Ahrens purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution, because Ahrens did not take any substantial steps to discover the source of the funds and, although she testified that she asked Shaffron about the source of the deposits, the jury could

9

have determined that she only pretended to believe the implausible explanations that she received in order to avoid learning the true facts.

Moreover, any error here was harmless because the deliberate-ignorance instruction used by the trial court stated the proper legal standard for the jury to apply. *See Stone*, 9 F.3d at 937, 941. The district court instructed the jury that "you may find that the defendant knew about the fraudulent scheme if you determine beyond a reasonable doubt that the defendant, one, actually knew about the fraudulent scheme; or, two, had every reason to know but deliberately closed her eyes." The district court also emphasized that negligence, carelessness, or foolishness were not enough to prove that Ahrens knew about the fraudulent scheme. Therefore, this Court is not required to determine whether the government introduced some or absolutely no evidence of deliberate ignorance because there was sufficient evidence of actual knowledge, as discussed in Issue 1, *supra*. *See Stone*, 9 F.3d at 941-42.

Accordingly, we affirm.

**AFFIRMED.**